FILED

JUN 1 9 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD W. SCOTT

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

CV. 08-1295-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

        Plaintiff Edward Scott seeks judicial review of the Commissioner's decision denying his

application for disability insurance benefits under Title II of the Social Security Act. Defendant's

motion to dismiss for lack of subject matter jurisdiction and plaintiff's motion to compel filing of

records are now before the court. Defendant's motion should be granted, for the reasons set forth

below. As defendant has filed the administrative record, plaintiff's motion to compel filing of

records should be denied as moot.

Page 1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Scott filed an application for disability benefits on April 12, 2005. After the Social Security Administration denied his claim, Scott obtained counsel, David Lowry, in October 2005 and notified the Social Security Administration of that fact. (Tr. 44; Pl.'s Ex. B., Ex. C.) Scott then filed an untimely request for reconsideration and submitted medical records and questionnaires to support his request. (Tr. 40; Pl.'s Ex. G, I, K, L.). He attributed the untimeliness of his request for reconsideration to mental health problems. (Tr. 41.)

The Social Security Administration subjected Scott's claim to the reconsideration process but upheld the denial of benefits. (Tr. 37-39.) A letter addressed to Scott, dated March 24, 2006, informed him of the denial and that he had sixty days to request a hearing before an administrative law judge. *Id.* The letter included the name, but not the address of Scott's counsel, Lowry. *Id.* Scott did not file a request for hearing within the sixty-day period.

In October 2007, Lowry sent a fax to the Social Security Administration, which noted that the administration had not contacted him regarding any progress on the case and requested a status update. (Pl.'s Ex. M.) A Social Security Administration representative responded by indicating that she could not find a record of his representation of Scott in the files. (Pl.'s Ex. N-2.) The Commissioner does not contest Lowry's statement that he did not receive the letter. (Def. Resp. to Mot. Dismiss for Lack of Jurisdiction, #24, at 2.)

On February 22, 2008, Lowry submitted a request for hearing. (Tr. 31, 61; Pl.'s Ex. P.) The statement asserted that the Social Security Administration failed to inform him of the reconsideration denial and that the error constituted good cause for Scott's failure to meet the sixty-day deadline. *Id.* Lowry discussed the issue with a Social Security Administration

representative, who confirmed that their file did not include any record that they sent the reconsideration denial to his office. (Tr. 27.)

On May 30, 2008, an administrative law judge (ALJ) held that the fact that Lowry did not receive notice of the reconsideration denial did not constitute good cause for Scott's long delay in seeking a hearing before an ALJ. (Tr. 13-14, 22-23; Pl.'s Ex. W.) The ALJ dismissed his request for a hearing and held that the denial of benefits remained in effect. (Tr. 11; Pl.'s Ex. W.)

Scott requested that the Appeals Counsel review the ALJ's decision to dismiss his request for benefits. (Tr. 15; Pl.'s Ex. X.) Although Scott did not assert a new basis for finding good cause to excuse his delay, he submitted evidence to the Appeals Council related to his claim, including medical evidence that he suffers from chronic depression, post-traumatic stress disorder, insomnia and migraines that cause amnesia. (Tr. 2., Pl.'s Ex. A-1, I-42, I-114, I-169). On September 12, 2008, the Appeals Council denied Scott's request for review on the ground that he failed to provide a basis for reversing the ALJ's dismissal. (Tr. 1.)

Scott then sought review in this court, alleging jurisdiction on the basis of 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); 28 U.S.C. § 1331 and 28 U.S.C. § 1361 or 28 U.S.C. § 2201. The complaint states, "This action is an appeal from a final administration decision denying plaintiff's claim." (Compl., #2, at 2.) It also states, however, that the action was commenced within the time period set forth in the September 12, 2008 Appeals Council denial of a request for review. *Id.* Finally, it asks the court to find that Scott is disabled or to remand the case for a further hearing. *Id.* Defendant now moves to dismiss on the ground that Scott has not met the jurisdiction requirements of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction" *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000) (citation omitted). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* A motion to dismiss on jurisdictional grounds can be "either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. . .It also need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242. Under either form of attack, "jurisdictional dismissals are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039.

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002).

## DISCUSSION

### I.   Jurisdiction under 42 U.S.C. § 405(g)

Federal courts do not have general federal question jurisdiction in an action challenging a

denial of Social Security disability benefits. *Weinberger v. Salfi*, 422 U.S. 749, 757-758 (1975) (construing 42 U.S.C. § 405(h)).[1]  Rather, judicial review of claims arising under Title II of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g).[2]  *Id.*  Under 42 U.S.C. § 405(g), an individual who has been denied Social Security disability benefits may seek judicial review of "any final decision . . . made after a hearing to which he was a party."  42 U.S.C. § 405(g).  "A final decision has two elements: 1) presentment of the claim to the Commissioner, and 2) complete exhaustion of administrative remedies."  *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).  While the first element is a non-waivable, jurisdictional requirement, either the Commissioner or a court may waive exhaustion of administrative remedies.  *Johnson v. Shalala*, 2 F.3d 918, 921 (1993).

A claimant can fulfill the presentment requirement by "contesting tentative agency determinations."  *Cassim v. Bowen*, 824 F.2d 791, 794 (9th Cir. 1987).  Here, the parties do not dispute that Scott has presented his claim to the Commissioner.  Thus, I turn my attention to whether Scott has exhausted administrative remedies with respect to his eligibility for benefits and regarding his claim that he presented good cause for his untimely request for a hearing.

A.    **Jurisdiction to Review the Denial of Benefits**

A Social Security claimant who does not proceed beyond the request for reconsideration stage does not exhaust administrative remedies and therefore does not obtain "a final decision made after a hearing" under 42 U.S.C. § 405(g).  *Weinberger*, 422 U.S. at 765.  Exhaustion of

---

1  Thus, although Scott's complaint alleges otherwise, this court does not have federal question jurisdiction under 28 U.S.C. § 1331.
2  Scott seeks benefits under Title II of the Social Security Act.  Although he alleges subject matter jurisdiction under 42 U.S.C. § 1383(c)(3), that provision governs judicial review of applications for Social Security Income under Title XVI.  *See Briggs v. Sullivan*, 886 F.2d 1132, 1138 (9th Cir. 1989).  It does not apply here.

administrative remedies requires that a claimant proceed through all three stages of the administrative appeals process. *Bowen v. New York*, 476 U.S. 467, 482 (1986). This process begins with de novo reconsideration of the initial determination. 20 C.F.R. § 404.909(a)(1). If a claimant is dissatisfied with the agency's decision on reconsideration, he is entitled to a hearing by an ALJ. 42 U. S. C. § 405(b)(1); 20 C.F.R. §§ 404.929, 422.201 et seq. If the ALJ's decision is adverse to the claimant, the claimant may then seek review by the Appeals Council at the third and final stage of administrative review. 20 C.F.R. § 404.967. Thus, 42 U.S.C. § 405(g) authorizes review only of final decisions made after a mandatory hearing. *Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir. 1980).

A district court, however, may waive the exhaustion requirement under certain circumstances. *Johnson*, 2 F.3d at 921. Specifically, the claim must be: 1) "collateral to a substantive claim of entitlement (collaterality), 2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and 3) one whose resolution would not serve the purpose of exhaustion (futility). *Kildare*, 325 F.3d at 1082. "A plaintiff's claim is collateral if it is not essentially a claim for benefits." *Johnson*, 2 F.3d at 921. Moreover, administrative proceedings are not futile where the claimant directly challenges an agency's determination regarding benefits because proceedings are necessary to establish a detailed factual record for such a claim. *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1988).

Here, to the extent that Scott asks this court to exercise jurisdiction to review the Social Security Administration decision denying his benefits, he fails to meet the collaterality requirement because his claim is essentially a claim for benefits. He also fails to meet the futility requirement because a hearing on the merits of his eligibility for benefits would aid this court's

proper review of his claim. Accordingly, I decline to waive exhaustion of administrative

remedies on Scott's claim that the Commissioner erred when it denied his claim for benefits. As

a result, the court should hold that § 405(g) does not confer jurisdiction over this portion of

Scott's claim.

     **B.**     **Jurisdiction to Review the Appeals Council Denial of Scott's Request for Review of the ALJ's Good Cause Determination**

The § 405(g) requirement of a "final decision" made "after a hearing" also applies to

matters of agency discretion regarding a claimant request for an extension of the time period for

seeking review. In *Califano v. Sanders*, the Supreme Court held that § 405(g) "cannot be read to

authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for

social security benefits." 430 U.S. 99, 108 (1977). The Supreme Court reasoned that, because

the Commissioner could, without a hearing, deny a petition to reopen a prior decision, § 405(g)

precluded judicial review. *Id.* Thus, in *Peterson*, the Ninth Circuit held that an Appeals Council

refusal to extend the period for filing a civil claim for review was not subject to judicial review

because the regulations did not require a hearing for that decision. 631 F.2d at 630-31. The court

likened the request for an extension to the request to reopen in *Sanders* because "neither need be

preceded by a hearing, and the requests are interchangeable in that both would defeat the intent

of Congress to compress the time for judicial review." *Id.* at 630; *see also Matlock v. Sullivan*,

908 F.2d 492, 494 (9th Cir. 1990) (Appeals Council decision to dismiss a claimant's request for

review as untimely is not a "final decision" within the meaning of 42 U.S.C. § 405(g) because it

is discretionary and does not require a hearing).

Here, Scott asks the court to review the Commissioner's decision that he lacked good

cause for his untimely request for a hearing before an ALJ. The Social Security regulations,

however, provide that a ruling denying a request to extend a time period for seeking review is not

an "initial determination" subject to the administrative appeals process or judicial review. 20

C.F.R. § 404.903(j). The regulations merely provide that the Commissioner "may" review such

determinations, but do not require a review. 20 C.F.R. § 404.903. Thus, § 405(g) precludes

judicial review of that decision because the Commissioner can deny a request for extension

without a hearing and because allowing judicial review would "frustrate the Congressional intent

to forestall repetitive or belated litigation of stale eligibility claims." *Peterson*, 631 F.2d at 630;

*see also Sanders*, 430 U.S. at 108; *Matlock*, 908 F.2d at 494; *Blackburn v. Astrue*, No. 07-5387,

2008 U.S. Dist. LEXIS 56506, at *15 (W.D. Wash. May 13, 2008) ("[T]he good cause

determinations made by the ALJ and Appeals Council are not final agency decisions" under 42

U.S.C. 405(g).)

Scott, however, citing *McNatt v. Apfel*, 201 F.3d 1084 (9th Cir. 2000), argues that this

court may exercise jurisdiction despite the fact that a denial of a request for extension does not

require a hearing. In *McNatt*, the Ninth Circuit held that "when a claimant has appeared before

the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the

claim is final except for modification or reversal on appeal, claimant has had a hearing within the

meaning of § 405(g)." *Id.* at 1087. In *McNatt*, however, the claimant appeared through counsel

at a mandatory hearing, whereas here Scott did not appear at the ALJ hearing and instead failed

to timely request one. I therefore find *McNatt* unpersuasive. *See Subia v. Comm'r Soc. Sec.*, 264

F.3d 899, 902-903 (9th Cir. 2001) (claimant did not meet jurisdictional requirements under §

405(g) when she elected not to attend the ALJ hearing on grounds that the ALJ resided outside

the state and that notice was deficient). The court should hold that § 405(g) does not confer

jurisdiction on this court to review the Commissioner's good cause determination.

### C.    Jurisdiction to Review a Colorable Constitutional Claim

Section 405(g) does not act as a bar to resolution of constitutional questions. *Sanders,* 430 U.S. at 109. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Id.* The Ninth Circuit applies the *Sanders* exception "to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue,* 543 F.3d 1139, 1144 (9th Cir. 2008) (citations omitted); *Rolen v. Barnhart,* 273 F.3d 1189, 1191 (9th Cir. 2001) (court had jurisdiction where claimant alleged that he lost benefits because he was denied due process, and cited "arguably relevant case law" in support of his claim). A constitutional claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Boettcher v. Sec. of Heath & Human Servs.,* 759 F.2d 719, 721 (9th Cir. 1985). Thus, a "mere allegation" of a due process violation does not establish federal jurisdiction. *Hoye v. Sullivan,* 985 F.2d 990, 992 (9th Cir. 1992).

"An allegation of mental impairment can form the basis of a colorable constitutional claim if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." *Klemm,* 543 F.3d at 1144-1145; *see also Udd v. Massanari,* 245 F.3d 1096, 1099 (9th Cir. 2001) (court had jurisdiction where the claimant alleged that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the benefits denial); *Evans v. Chater,* 110 F.3d 1480, 1483 (9th Cir. 1997)

(court had jurisdiction where the claimant alleged that he was not represented by counsel and, during the time of his applications, he suffered from a mental impairment that amounted to good cause to reopen prior denials). The claim, however, must be supported by facts. *Klemm*, 543 F.3d at 1145 (claimant failed to present a colorable due process claim because he failed to present supporting facts); *see also Subia*, 264 F.3d at 902 (claimant did not establish jurisdiction under 42 U.S.C. 405(g) where she raised "no explicit constitutional claims").

Here, Scott's complaint neither explicitly alleges a constitutional violation, nor does it set forth any facts regarding his claim that a mental impairment prevented his timely request for an ALJ hearing. Thus, although the complaint alleges that this court has jurisdiction under 42 U.S.C. § 405(g), it does not support such jurisdiction.

## II.   Jurisdiction Under 28 U.S.C. § 1361

Under 28 U.S.C. § 1361, district courts have subject matter jurisdiction to hear "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Ninth Circuit has held § 1361 "is an appropriate basis for jurisdiction in an action challenging procedures used in administering social security benefits." *Kildare*, 325 F.3d at 1084 (citation omitted). Mandamus, however, "is . . . available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Id.* (citation omitted). Thus, the writ of mandamus may provide a remedy only if the plaintiff "has exhausted all other avenues of relief." *Id.* at 1085.

Here, although the complaint alleges that the court has subject matter jurisdiction under

28 U.S.C. § 1361, neither party addresses that issue in the motion to dismiss.[3] My independent review of the complaint, however, suggests that it does not support jurisdiction under 28 U.S.C. § 1361. Mandamus is not appropriate to address the denial of benefits because, as explained above, Scott has not exhausted his administrative remedies with regard to that claim. Moreover, mandamus is not appropriate to address the agency's good cause determination because that decision is discretionary. The complaint includes no other basis for jurisdiction under 28 U.S.C. § 1361. The court should therefore conclude that the complaint does not establish any basis for subject matter jurisdiction and grant defendant's motion to dismiss.

## III.    Leave to Amend

Under 28 U.S.C. § 1653, a party may amend to correct defective allegations of jurisdiction. "The primary purpose of § 1653 is to permit correction of incorrect statements about extant jurisdiction." *Snell*, 316 F.3d at 828.

Here, Scott may be able to establish subject matter jurisdiction by correcting his allegations of jurisdiction under 42 U.S.C. § 405(g) or 28 U.S.C. § 1361. Despite the infirmity of Scott's allegation in his complaint that this court has jurisdiction under § 405(g), Scott asserts in his response to the motion to dismiss that he was denied due process because he suffered from a mental impairment when he received notice of the reconsideration decision. Thus, Scott may amend his complaint to state that he has a colorable constitutional claim sufficient for jurisdiction under § 405(g). Second, I am reluctant to conclude that an amendment to address jurisdiction under 28 U.S.C. § 1361 would be futile when Scott has not had the opportunity to address that issue. The court should therefore grant Scott leave to amend to address the

---

3  Scott also alleges that this court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. The Act, however, "does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

deficiencies in his allegations of subject matter jurisdiction.

## CONCLUSION

Plaintiff's Motion to Compel Filing of Records (#20) should be denied as moot. Defendant's motion to dismiss for lack of subject matter jurisdiction (#10) should be granted but Scott should have leave to amend to correct his defective allegations of subject matter jurisdiction.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due July 6, 2009.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

Dated this 19th day of June, 2009.

Honorable Paul Papak
United States Magistrate Judge