IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD W. SCOTT,                                   CV. 08-1295-PK

       Plaintiff,                               FINDINGS AND
                                                       RECOMMENDATION

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

PAPAK, Magistrate Judge:

       Plaintiff Edward Scott seeks judicial review of the Commissioner's decision refusing to extend the period for him to request a hearing following a denial of disability insurance benefits under Title II of the Social Security Act. Defendant's motion to dismiss plaintiff's First Amended Complaint for lack of subject matter jurisdiction (#33) is now before the court. The court should grant defendant's motion, for the reasons set forth below.

## BACKGROUND

       Scott filed an application for disability benefits on April 12, 2005. (Tr. 77-79.) After the

Page 1 - FINDINGS AND RECOMMENDATION

Social Security Administration denied his claim, Scott obtained counsel, David Lowry, in October 2005 and notified the Social Security Administration of that fact. (Tr. 49; Pl.'s Ex. B., Ex. C.) Scott then filed an untimely request for reconsideration and submitted medical records and questionnaires to support his request. (Tr. 40; Pl.'s Ex. G, I, K, L.). He attributed the untimeliness of his request for reconsideration to mental health problems. (Tr. 41.)

The Social Security Administration subjected Scott's claim to the reconsideration process but upheld the denial of benefits. (Tr. 37-39.) A letter addressed to Scott, dated March 24, 2006, informed him of the denial and that he had sixty days to request a hearing before an administrative law judge. *Id.* The Commissioner does not contest that Scott's counsel, Lowry, did not receive a copy of the denial letter. (Def.'s Mot. Dismiss First Am. Comp., #33, at 7.) Scott did not file a request for hearing within the sixty-day period.

In October 2007, more than a year and a half after the Commissioner's denial, Lowry sent a fax to the Social Security Administration, noting that he had received no information regarding any progress on the case. (Pl's Ex. M.) A Social Security Administration representative responded by indicating that she could not find a record of his representation. (Tr. 60, Pl.'s Ex. N-2.) The representative asked for a record of representation, asked what type of action was pending, and indicated that she would recontact Lowry as soon as possible. *Id.*

Lowry did not submit a request for hearing until late February or March 2008, more than four months after he requested an update on Scott's case. (Tr. 28-31; Pl.'s Ex. P, Q.) The request for hearing asserted that the Social Security Administration failed to inform Lowry of the reconsideration denial and that the error constituted good cause for Scott's failure to meet the sixty-day deadline. (Tr. 31, Pl.'s Ex. P.) On May 30, 2008, an administrative law judge (ALJ)

Page 2 - FINDINGS AND RECOMMENDATION

held that the fact that Lowry did not receive notice of the reconsideration denial did not constitute good cause for Scott's 634-day delay in seeking a hearing. (Tr. 13-14, 22-23; Pl.'s Ex. W.) The ALJ dismissed his request for a hearing and held that the denial of benefits remained in effect. (Tr. 11; Pl.'s Ex. W.) On September 12, 2008, the Appeals Council denied Scott's request for review of the ALJ's dismissal. (Tr. 1.)

Scott then sought review in this court, alleging jurisdiction on the basis of 28 U.S.C. § 2201-2201; 28 U.S.C. § 1331; 28 U.S.C. § 1361, 28 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). Defendant moved to dismiss on the ground that Scott had not met the jurisdiction requirements of 42 U.S.C. § 405(g). In a Findings and Recommendation adopted by Judge King, this court held that the complaint failed to sufficiently allege subject matter jurisdiction. (Findings & Recommendation, #27, at 12.) The court, however, granted Scott leave to amend to correct his allegations of jurisdiction.

Scott's amended complaint asserts subject matter jurisdiction under 28 U.S.C. § 2201-2201; 28 U.S.C. § 1331; 28 U.S.C. § 1361 and 42 U.S.C. § 405(g) and states the "action is an appeal from the ALJ's refusal to grant Claimant an extension of time" for him to seek a hearing regarding the reconsideration decision denying benefits. (Am. Compl., #32, at 1.) The complaint alleges that Scott suffered from various mental disorders, which, in conjunction with the side effects of his medications, caused memory loss, reduced concentration and insomnia and other symptoms and that these problems prevented him from understanding how to contest the denial of benefits. *Id.* at 2. The complaint further alleges that Scott's lack of understanding, combined with the lack of notice to his legal counsel, prevented him from timely requesting a hearing and that the ALJ's refusal to grant him an extension of time denied him the right to due

Page 3 - FINDINGS AND RECOMMENDATION

process.  *Id.* at 2.  Finally, the complaint demands a judgment finding that Scott is entitled to disability benefits or remanding the case for a further hearing.  *Id.* at 3.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction" *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000) (citation omitted).  Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*  A motion to dismiss on jurisdictional grounds can be "either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. . . . It also need not presume the truthfulness of the plaintiffs' allegations." *White*, 227 F.3d at 1242.

Under either a facial or a factual attack, "jurisdictional dismissals are warranted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039.  In ruling, however, "on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment" and "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citation omitted).

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts."  28 U.S.C. § 1653.  "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by amendment."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002).

## DISCUSSION

I.      **Jurisdiction to Decide a Colorable Constitutional Claim**

Under 42 U.S.C. § 405(g), an individual who has been denied Social Security disability benefits may seek judicial review of "any final decision . . . made after a hearing to which he was a party."  42 U.S.C. § 405(g).  Thus, whether jurisdiction exists depends in part on whether the action by the Appeals Council constitutes a final decision under § 405(g).  *See Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Because a decision to dismiss a claimant's request for review as untimely is a discretionary decision that does not require a hearing, it is not a final decision within the meaning of 42 U.S.C. § 405(g).  *Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir. 1990).  As a result, § 405(g) does not confer federal subject matter jurisdiction to review a Commissioner's decision to refrain from considering an untimely petition.  *See id.*

Federal subject matter jurisdiction exists, however, where a claimant challenges the denial of a petition to reopen on constitutional grounds.  *Sanders*, 430 U.S. at 109.  "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."  *Id.*  The Ninth Circuit applies the *Sanders* exception "to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  *Klemm v. Astrue*, 543

F.3d 1139, 1144 (9th Cir. 2008) (citations omitted).

A constitutional claim is not colorable if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Boettcher v. Sec. of Heath & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985). "An allegation of mental impairment can form the basis of a colorable constitutional claim," however, "if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." *Klemm*, 543 F.3d at 1144-1145; *see also Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (court had jurisdiction where the claimant alleged that his claim should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the benefits denial); *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (court had jurisdiction where the claimant alleged that during the time of his applications, he was not represented by counsel and suffered from a mental impairment). The claim, however, must be supported by facts. *Klemm*, 543 F.3d at 1145 (claimant failed to present a colorable due process claim because he failed to present supporting facts)

I.      **Facial Challenge**

Here, the parties dispute whether the first amended complaint states a colorable constitutional claim. The complaint states that Scott suffered from various mental problems, which, coupled with the lack of notice to his legal counsel, prevented him from timely requesting a hearing. The complaint includes supporting facts and thus amounts to more than a bare allegation of a constitutional violation. As a result, I find that, on their face, these allegations are sufficient to raise a colorable constitutional claim.[1]

---

1   Scott's amended complaint does not cure his allegation of jurisdiction under 28 U.S.C. § 1361. That statute confers subject matter jurisdiction to hear "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

**II.     Factual Challenge**

The Ninth Circuit has recognized that "[d]etermining whether [a] constitutional claim is colorable necessarily involves a review of its merits." *Boettcher*, 759 F.2d at 722.  The Ninth Circuit, however, has held that a court may reach the merits of the constitutional claim without holding an evidentiary hearing where the material jurisdictional facts are not in dispute.  *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992).  Moreover, the Ninth Circuit has itself decided the merits of a constitutional claim on an appeal of a district court's dismissal for lack of subject matter jurisdiction because "the issue is a legal one; the development of an administrative record would be wasteful and unhelpful;" and whether a claim is colorable for purposes of subject matter jurisdiction involves the same inquiry as a decision on the merits.  *Boettcher*, 759 F.2d at 722; *see also Evans*, 110 F.3d at 1483-1484 (holding district court erred in finding it lacked subject matter jurisdiction but upholding the court's alternative ruling on the merits).

Here, Scott argues that a factual attack on his allegation of jurisdiction is inappropriate because it requires the court to reach the merits of his constitutional claim.  He urges the court to deny the motion and schedule an evidentiary hearing.  Neither party disputes, however, that Scott's counsel knew by October 2007 that the Social Security Administration had no record of his representation but did not file a request for reconsideration until late February or March 2008. I therefore conclude that I may consider a factual challenge to Scott's jurisdictional allegation of a colorable constitutional claim.

---

owed to the plaintiff."  28 U.S.C. § 1361.  Mandamus "is . . . available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  *Kildare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted).  As discussed in my Findings and Recommendation regarding the motion to dismiss the original complaint, mandamus is not appropriate to address the ALJ's good cause determination because that decision is discretionary.

Page 7 - FINDINGS AND RECOMMENDATION

A claimant may establish a due process violation "if the mental impairment prevented the claimant from understanding how to contest the denial of benefits." *See Klemm*, 543 F.3d at 1145; *Evans*, 110 F.3d at 1483 (upholding the ALJ's hearing decision that the claimant failed to show good cause to reopen his prior application where the medical record showed the claimant was oriented, had only a mild degree of cognitive impairment and was capable of handling his own affairs); *see also Udd*, 245 F.3d at 1100 (reversing the ALJ's hearing decision that the claimant failed to show good cause where the claimant had no attorney legally responsible for prosecuting his claim and the medical record showed he suffered from a mental impairment that severely limited his ability to do things for himself).

I find that Scott's jurisdictional allegation of a due process violation does not survive a factual attack. Unlike the claimant in *Udd*, Scott had an attorney legally responsible for prosecuting his claim. Moreover, Scott's attorney knew by October 2007 that the Social Security Administration might have taken some action in Scott's case without his knowledge but waited several months before pursuing the matter. As a result, because Scott was represented by counsel who himself delayed matters, Scott is unable to establish that it was his mental impairment that prevented him from timely requesting a hearing, even if his mental impairment was severe at the time. The court should therefore conclude that it lacks subject matter jurisdiction over the instant action because Scott has not established a colorable constitutional claim.

Generally, dismissal due to a lack of subject matter jurisdiction is with leave to amend. *Snell*, 316 F.3d 828 n.6. Here, however, the evidence shows that Scott has not yet followed the necessary, jurisdictional administrative procedures, nor has he raised a colorable constitutional

claim, despite having an opportunity to amend his complaint to cure its jurisdictional infirmities. Thus, I conclude that leave to amend would be futile. The court should therefore dismiss without leave to amend.

## CONCLUSION

For the foregoing reasons, the court should grant defendant's Motion to Dismiss the First Amended Complaint (#33) for lack of subject matter jurisdiction without leave to amend and enter judgment accordingly.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 12, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 28th day of October, 2009.

          /s/ Paul Papak
         Honorable Paul Papak
         United States Magistrate Judge